United States Bankruptcy Court
Eastern District of Pennsylvania

In re:     Case No. 24-14222-djb
Kimyutta M. Carroll     Chapter 13
    Debtor

# CERTIFICATE OF NOTICE

District/off: 0313-2    User: admin    Page 1 of 1
Date Rcvd: Apr 09, 2025    Form ID: pdf900    Total Noticed: 1

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Apr 11, 2025:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | Kimyutta M. Carroll, 6716 Cornelius St, Philadelphia, PA 19138-1617 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

## NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 11, 2025     Signature:    /s/Gustava Winters

---

## CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on April 9, 2025 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| DENISE ELIZABETH CARLON | on behalf of Creditor M&T BANK bkgroup@kmllawgroup.com |
| KENNETH E. WEST | ecfemails@ph13trustee.com philaecf@gmail.com |
| MICHAEL A. CIBIK | on behalf of Debtor Kimyutta M. Carroll help@cibiklaw.com noreply01@cibiklaw.com;noreply02@cibiklaw.com;noreply03@cibiklaw.com;noreply04@cibiklaw.com;noreply05@cibiklaw.com;cibiklawpc@jubileebk.net;cibiklaw@recap.email;ecf@casedriver.com |
| United States Trustee | USTPRegion03.PH.ECF@usdoj.gov |

TOTAL: 4

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Kimyutta M. Carroll <br> _Debtor(s)_ | CHAPTER 13 |
| M&T Bank <br> _Moving Party_ <br> vs. | NO. 24-14222 DJB |
| Kimyutta M. Carroll <br> _Debtor(s)_ | |
| Kenneth E. West <br> _Trustee_ | 11 U.S.C. Section 362 |

**STIPULATION**

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. As of March 14, 2025, the post-petition arrearage on the mortgage held by Movant on Debtor's residence is **$4,506.24**. Post-petition funds received after March 14, 2025 will be applied per the terms of this Stipulation as outlined herein. The arrearage is itemized as follows:

| | |
|---|---|
| Post-Petition Payments: | December 2024 through March 2025 at $1,126.56 each |
| **Total Post-Petition Arrears:** | **$4,506.24** |

2. The Debtor shall cure said arrearages in the following manner:

   a). Within seven (7) days of the filing of this Stipulation, Debtor shall file an Amended Chapter 13 Plan to include the post-petition arrears of **$4,506.24**.

   b). Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of **$4,506.24** along with the pre-petition arrears.

   c). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

3. Beginning with the payment due **April 2025** and continuing thereafter, Debtor shall pay the present regular monthly mortgage payment of **$1,126.56** (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

4. Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

5. In the event the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court may enter an Order granting Movant relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the court and the court may enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date:   March 20, 2025           /s/ Denise Carlon
                                 Denise Carlon, Esq.
                                 Attorney for Movant


Date:   March 26, 2025           /s/ Michael A. Cibik
                                 Michael A. Cibik, Esq.
                                 Attorney for Debtor(s)

                                 No Objection - Without Prejudice to Any Trustee
                                 Rights or Remedies
Date:   April 7, 2025            /s/ LeeAne O. Huggins
                                 Kenneth E. West
                                 Chapter 13 Trustee


Approved by the Court this _____ day of _____, 2025.  However, the court retains discretion regarding entry of any further order.

**Date: April 9, 2025**

                                 _____
                                 Bankruptcy Judge
                                 Derek J. Baker